## STATE v. EVANS.

1.  There is no error in refusing a request to charge that assumes the existence of a fact at issue.
2.  Where an indictment charges the defendant with stealing three hogs, the property of J., the defendant may properly be convicted if the evidence shows that any one of the hogs was the separate property of J.

Before ALDRICH, J., Berkeley, February, 1885.

Edward Evans was indicted for stealing three hogs.   The evidence showed that one of the hogs belonged to Toney Jackson, one to his wife, and the third to her father, who put it in the same pen with the other two to be taken care of, and to be the

property of Jackson's wife, if he (the father) never came for it; and that he had never come for it. Other matters are stated in the opinion.

*Messrs. Lee & Bowen,* for appellant.

*Mr. Solicitor Jervey,* contra.

July 9, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant was indicted for larceny of live stock. The case was heard at the February term of the Court of General Sessions for Berkeley County, 1885, the indictment being as follows: "That * * * certain live stock, to wit, three (3) hogs of the value of twelve ($12) dollars, of the proper goods and chattels of one Toney Jackson, then and there being found, he feloniously did steal, take, and carry away," &c.

At the close of the testimony for the State, the defendant requested his honor, Judge Aldrich, presiding, to charge the jury "that the ownership of the property being laid in one Toney Jackson, and the evidence being that the same was the property of Toney Jackson and two other persons, the variance was fatal, and the defendant should be acquitted on said indictment." His honor declined to charge as requested, but charged as follows: "Gentlemen of the jury, I shall not speak to you of the objection to the indictment by counsel; I still have some doubt as to that; but inasmuch as the State has no hesitation, I give the facts of the case to the jury, because, if I am wrong on the law, I may be corrected." The defendant was convicted, and has appealed, assigning as error the refusal of his honor to charge as requested.

The request to charge assumed as a fact that the evidence in the case had shown that the property in question belonged to Toney Jackson and two other persons, and upon this assumption the request as to the law was made. In other words, it was a request, in substance, that the judge should first instruct the jury that, as a matter of fact, the State had not only failed to sustain the allegation in the indictment, that the property belonged to Toney Jackson alone, but had proved that it belonged to two

other persons with the said Jackson, and then to apply the law to this state of facts. The judge could not have done this without invading the constitutional province of the jury as to the facts. There was, therefore, no error in his refusal to make the charge as requested. And, besides, even if the judge had been authorized to look into the question of fact as a foundation for the charge, he would have found no evidence sustaining the assumption that the property belonged jointly to Toney Jackson and to two other persons, which, if true, would have prevented a conviction under the cases of *State* v. *Owens*, 10 *Rich.*, 169; *State* v. *Dwyre*, 2 *Hill*, 287; *State* v. *Risher*, 1 *Rich.*, 219.

It seems to be true, however, that all of the property mentioned in the indictment did not belong to Toney Jackson. The indictment charged the stealing of three hogs alleged to be the property of Toney Jackson, when the evidence, as it seems, and as is admitted by the solicitor, established title as to one of the hogs only in Toney Jackson. The case has been argued here on both sides as if the judge had charged as a matter of law that defendant could be convicted if only a portion of the property was found by the jury to belong to Toney Jackson. The judge did not, however, charge this as is seen above; he simply refused the request of the defendant, which he was compelled to do when presented in the shape it was, involving, as it did, the assumption of a fact, the truth of which the jury alone could determine. But even had the judge so charged, we do not think it would have been error on his part. True, it has been held in several cases *supra*, that where the indictment charges the property in question to belong to one person, and the evidence establishes title jointly in that person and another, the accused cannot be convicted, simply for the reason that the allegation in the indictment has not been sustained by the testimony; not that the indictment is informal, but because there is a failure of proof.

But we have been cited to no case where the accused was entitled to an acquittal on the ground that all of the property alleged to have been stolen had not been proved to belong to the party named in the indictment as the owner. In the case before the court, one of the hogs was proved to be the property of Toney Jackson alone, and this, we think, was sufficient. *State* v. *John-*

*son,* 3 *Hill,* 1. In that case the indictment charged the stealing of three negroes in one count, and it was held that the accused could be convicted if he stole either one of them. See *Whart. Cr. Prac. & Pl.* (5th edit.), § 252. In such a case it should appear that the larceny alleged embraced that portion of the property which belonged to the prosecutor or the party named in the indictment, and the defendant would be authorized to request the judge to charge that he could not be convicted unless the testimony established title to said portion of the property stolen in such party. This request, however, was not made in this case, and there was no error, therefore, in the fact that the judge made no charge upon this precise point. The only error assigned in the appeal is that the judge failed to charge as requested. In this, as we have seen, there was no error.

The judgment of this court is that the judgment of the Circuit Court be affirmed.